17-2876-pr
Neary v. Wright

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 19th day of February, two thousand nineteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
                      *Circuit Judges.*
             RONNIE ABRAMS,[1]
                      *District Judge.*

---

CHRISTOPHER R. NEARY,

                      *Plaintiff-Appellee*,

              v.                                                17-2876-pr

JOHNNY WU, M.D., MONICA FARINELLA, M.D., CARY FRESTON, M.D., RICARDO RUIZ, M.D., and JOHNNY WRIGHT, M.D., in their individual capacities,

                      *Defendants-Appellants*.[2]

---

Appearing for Appellants:     Zenobia G. Graham-Days, Assistant Attorney General, *for* George Jepsen, Attorney General of Connecticut, Hartford, C.T.

---

[1] Judge Ronnie Abrams, United States District Court for the Southern District of New York, sitting by designation.

[2] The Clerk of Court is directed to amend the caption as above.

Appearing for Appellee:    Andraya B. Pulaski, Day Pitney LLP (Thomas D. Goldberg, Matthew J. Shiroma, *on the brief*), Hartford, C.T.

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Appellants Drs. Johnny Wright, Monica Farinella, Cary Freston, Ricardo Ruiz, and Johnny Wu appeal from the September 6, 2017 order of the United States District Court for the District of Connecticut (Bryant, *J.*), denying their defense of qualified immunity against Christopher Neary's claim that they were deliberately indifferent to his serious medical needs. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Defendants-Appellants, all doctors who work in the Connecticut Department of Corrections System, here appeal from an order denying their motion to dismiss and holding that they were not entitled to qualified immunity. At all relevant times, Neary was an inmate under the control of the Connecticut Department of Corrections. Approximately seven years into his sentence, Neary began experiencing severe pain in his breasts and found several irregular, growing lumps. Neary now alleges that Defendants-Appellants (1) repeatedly prescribed medication that did not treat his pain, (2) denied him a recommended surgical consultation to consider removal of breast tissue, (3) prescribed and then refused to serve him a soy-free diet designed to reduce his symptoms, and (4) abruptly stopped a narcotic pain medication that caused Neary to suffer withdrawal when he was not appropriately weaned from the medication. Neary subsequently brought a complaint alleging that personnel in the Connecticut Department of Corrections were deliberately indifferent to his serious medical needs.

As a threshold matter, we consider Dr. Wu's appeal independently from the appeals of Drs. Wright, Farinella, Freston, and Ruiz. That is because unlike the other Defendants-Appellants, Dr. Wu was named in the First Amended Complaint and Second Amended Complaint, waived service of process, and had an attorney appear on his behalf prior to the first motion to dismiss. In contrast, the remaining Defendant-Appellants were not named as parties until after the first motion to dismiss had been decided, much less could they have participated in the motion.

Dr. Wu now seeks appellate review of a qualified-immunity defense he has raised twice on two motions to dismiss. In the district court's order to deny Dr. Wu's first motion to dismiss, the court rejected Dr. Wu's qualified-immunity defense at the pleadings stage, inviting him to raise the defense again at summary judgment. Critically, Dr. Wu did not appeal that decision. In the same opinion, the court ordered the Connecticut Attorney General's Office to provide Neary with the proper names of defendants then listed as "John Does 1-10" and ordered Neary to file a second amended complaint naming those defendants. When Neary did so, Defendants-Appellants, including Dr. Wu and the defendants now named and served in the action for the first time, moved to dismiss, arguing that they were entitled to qualified immunity. Dr. Wu joined in

2

this motion and made the same arguments for qualified immunity a second time. The district court rejected the defense. Thereafter, Defendants-Appellants noticed this interlocutory appeal.

The district court was correct to reject Dr. Wu's second motion to dismiss that raised substantially the same arguments as the first. Neary's Second Amended Complaint did not substantively modify the allegations against Dr. Wu. Dr. Wu thus moved to dismiss the same substantive allegations against him twice on the same grounds. This second motion was precluded by the "law of the case" doctrine: after the first motion to dismiss was decided, it was the "law of the case" that Dr. Wu was not entitled to a qualified-immunity defense on the pleadings. *See Arizona v. California*, 460 U.S. 605, 618 (1983); *see also Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("[W]here litigants have once battled for the court's decision, they should not be required, nor without good reason permitted, to battle for it again." (internal quotation marks omitted)). Dr. Wu was required to appeal the first adverse qualified-immunity decision within thirty days of the order, and he did not. Fed. R. App. P. 4(a)(1). This Court therefore lacks jurisdiction to hear Dr. Wu's interlocutory appeal.

The remaining Defendants-Appellants—Drs. Farinella, Freston, Ruiz, and Wright— argued for the first time that they were entitled to qualified immunity on the presently appealed order denying their qualified-immunity defense. Their appeal is timely, and we consider it on the merits. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

We review a district court's decision on qualified immunity de novo. *Anderson v. Recore*, 446 F.3d 324, 328 (2d Cir. 2006). Defendants advancing a qualified-immunity defense at the motion to dismiss stage "face[] a formidable hurdle." *McKenna v. Wright*, 386 F.3d 432, 434 (2d Cir. 2004). On such a motion, "the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense." *Id.* at 436. With the benefit of those inferences, we then ask whether the plaintiff has pled "facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ganek v. Leibowitz*, 874 F.3d 73, 80 (2d Cir. 2017) (internal quotation marks omitted).

Neary's complaint does exactly that. The Supreme Court has established that deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's prohibition of cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). We have previously held that a prisoner-plaintiff establishes a "serious medical need" where she suffered "chronic pain the magnitude of which probably falls somewhere between 'annoying' and 'extreme.'" *Brock v. Wright*, 315 F.3d 158, 163 (2d Cir. 2003) (emphasis omitted). And in *McKenna v. Wright*, we found allegations that doctors failed to run required tests despite obvious symptoms, failed "to initiate treatment when the need for treatment was apparent," failed to arrange follow-up visits despite doctors' orders, and denied treatment based on flawed policies, were sufficient to defeat the doctors' qualified-immunity defense on a motion to dismiss. 386 F.3d at 437.

Here, Neary has alleged that he suffered chronic pain due to gynecomastia and that his pain was insufficiently treated. He alleges that doctors repeatedly prescribed inadequate pain medication, denied recommended tests and surgical consultations, terminated a prescription diet

without explanation, and ended narcotic pain medication without appropriately weaning him off the medication or substituting another pain medication. Taking all these allegations as true and drawing all permissible inferences in Neary's favor and against Defendants-Appellants' qualified-immunity defense, there is no doubt that Defendants-Appellants are not entitled to qualified immunity at this juncture. As the district court correctly noted, Defendants-Appellants may raise the immunity defense after discovery, but it is not available to them now.

We have considered the remainder of Drs. Wu, Farinella, Freston, Ruiz, and Wright's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED as to Dr. Farinella, Dr. Freston, Dr. Ruiz, and Dr. Wright. We lack jurisdiction over Dr. Wu's appeal. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4